873 F.2d 1440
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marvin PARRAN, Plaintiff-Appellant,
v.
Arnold J. HOPKINS, Commissioner of D.O.C., James N. Rollins,
Warden, Bernard N. Smith, Asst. Warden, Hayward E.
Rodgers, Class. Superv., Bret Schurman,
Class. Counselor, Defendants-Appellees.
 No. 89-7004.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1989.
Decided April 20, 1989.
 
 Marvin Parran, appellant pro se.
 Before K.K. HALL, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Marvin Parran, an inmate at the Maryland House of Correction (MHC), filed a 42 U.S.C. Sec. 1983 complaint claiming that he was entitled to be transferred to Patuxent Institution for psychiatric treatment, based on Md.Ann. Code art. 31B and his constitutional right to medical treatment. See Estelle v. Gamble, 429 U.S. 97 (1976). The district court dismissed Parran's complaint as constitutionally frivolous. We affirm.
 
 
 2
 Initially, we reject Parran's claim based on Article 31B. We note that the statutory language allows discretion to the commissioner of the DOC, see Md.Ann. Code, art. 31B Sec. 8(a), and the Maryland Court of Appeals has interpreted the statute to be wholly discretionary with the commissioner. See Watson v. State, 286 Md. 291, 407 A.2d 324 (1979). Therefore, there is no liberty interest created under state law and thus, no federal right is implicated. See Wolff v. McDonnell, 418 U.S. 539 (1974).
 
 
 3
 Regarding Parran's constitutional right to medical treatment, we agree that a claim of the denial of psychiatric treatment is a denial of medical treatment and may be actionable under Sec. 1983. See Bowring v. Godwin, 551 F.2d 44, 47 (4th Cir.1977). However, to state a claim of entitlement to psychiatric care, an inmate must do more than merely state conclusory allegations--he must provide supporting facts. Here, the only basis for Parran's claim is his statement that he needs psychiatric treatment. This is insufficient.
 
 
 4
 We acknowledge that this Court has held that the "starting point" in these claims is an evidentiary hearing in the district court to determine if the inmate suffers from a "qualified" mental illness. Bowring, 551 F.2d at 49. We adhere to that holding today. Nonetheless, we require more than mere conclusory allegations to trigger such an inquiry. As noted above, Parran has stated no facts to support his conclusion that he needs treatment. Accordingly, we affirm the ruling of the district court.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented on the record before this Court and oral argument would not aid the decisional process.
 
 
 6
 AFFIRMED.